## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSE
## MEMPHIS DIVISION

**HAWK TECHNOLOGY SYSTEMS, LLC,**

     **Plaintiff,**

**v.**                                 **Civil Action No. _____**

**MEMPHIS-SHELBY COUNTY**
**AIRPORT AUTHORITY,**

     **Defendant.**

## COMPLAINT

**COMES NOW**, Plaintiff, Hawk Technology Systems, LLC ("Hawk"), by and through it's undersigned counsel, hereby sues Memphis-Shelby County Airport Authority ("MSCAA") and alleges:

## NATURE OF THE ACTION

1.     This is a civil action for patent infringement of United States Patents No. RE43,462 (the '462 Patent --- "Video Monitoring") and RE37,342 (the '342 Patent --- "Dual-Recording").  The '462 Patent is a reissue of United States Patent No. 5,265, 410 (the '410 Patent).  The independent claims in the reissued '462 Patent are substantially identical to the corresponding claims in the original '410 Patent.   The '342 Patent is a reissue of United States Patent No. 5,488, 433 (the '433 Patent).

## PARTIES

2.     Hawk is a limited liability company organized and existing under the laws of the State of Florida and maintains its principal place of business at 26611 Woodward Avenue, Huntington Woods, Michigan  48070.

3.      MSCAA, is a public benefit corporation organized and existing under the laws of the State of Tennessee, with its principal place of business located at 2491 Winchester Rd., Ste. 113, Memphis, Tennessee 38116-3856.

4.      Defendant's registered agent is Scott Brockmanlocated at 2491 Winchester Rd., Ste. 113, Memphis, Tennessee 38116-3856.

## JURISDICTION AND VENUE

5.      Pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has original jurisdiction over the subject matter of this action because this is an action arising under the Patent Laws of the United States, 35 U.S.C. § 1 et. seq.

6.      This court has personal jurisdiction over Defendant because Defendant is (a) transacting business in the State of Tennessee; (b) committing tortious acts within the State of Tennessee; and (c) engaging in substantial and non-isolated activity within the State of Tennessee.

7.      Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this district.

## GENERAL ALLEGATIONS

8.      Hawk Technology Systems, LLC was formed in 2012 to commercialize the inventions of its founder, Barry Schwab.

9.      Mr. Ken Washino and Mr. Schwab invented what is claimed by the '462 Patent and the '342 Patent.

10.      Mr. Washino and Mr. Schwab have collaborated on a number of other pioneering inventions resulting in patents in the areas of video archiving, video downloading and digital cinema.

11.     Mr. Schwab is also a named inventor on more than forty patents, ranging from consumer products to secure network computing.

## Claims 12, 13, 14, 9, 10, 11, 19, and 20 of the '462 Patent

12.     Claim 12 of the '462 patent states:

The method of simultaneously displaying and storing multiple video images, comprising the steps of:

receiving video images at a personal computer based system from one or more sources;
digitizing any of the images not already in digital form using an analog-to-digital converter;

displaying at least certain of the digitized images in separate windows on a personal computer based display device, using a first set of temporal and spatial parameters associated with each image in each window;

converting one or more of the video source images into a data storage format using a second set of temporal and spatial parameters associated with each image; and simultaneously storing the converted images in a storage device.

('462 Patent, Col. 11, line 62 - Col. 12, line 10).

13.     Claim 13 of the '462 patent states:

The method of claim 12, the temporal parameters including frame rate.

('462 Patent, Col. 12, lines 11 - 12).

14.     Claim 14 of the '462 patent states:

The method of claim 12, the spatial parameters including image dimensions in pixels.

('462 Patent, Col. 12, lines 13 - 14).

15.    Claim 9 of the '462 patent states:

The method of claim 12, further including the step of receiving a command to set the frame rate and resolution associated with the display and storage of a particular image.

('462 Patent, Col. 11, lines 55 - 57).

16.    Claim 10 of the '462 patent states:

The method of claim 9, wherein the command is based upon an operator input.

('462 Patent, Col. 11, lines 58 - 59).

17.    Claim 11 of the '462 patent states:

The method of claim 9, wherein the command is based upon an external stimulus.

('462 Patent, Col. 11, lines 60 - 61).

18.    Claim 19 of the '462 patent states:

The method of claim 12, wherein one or more video images or camera control signals are received through a network connection.

('462 Patent, Col. 12, lines 58 - 60).

19.    Claim 20 of the '462 patent states:

The method of claim 12, wherein the high-capacity storage medium comprises a removable or permanent magnetic disk, a removable or permanent magneto-optical disc, a removable optical disc or a removable or permanent semiconductor-based device.

('462 Patent, Col. 12, lines 61 - 65).

20.    Defendant uses a video storage and display system and methods that infringe the '462 Patent.

21.     By reviewing publically available information, including the article attached hereto as Exhibit "A," Hawk learned that MSCAA infringed Claim 12 of the '462 Patent, at least in the Memphis-Shelby County Airport Authority location.

22.     Hawk has prepared a Claim Chart, attached hereto as Exhibit "B," which explains how each limitation reads onto the method claimed by Claim 12 of the '462 Patent, which claim was infringed by the MSCAA.

### Claims 40 and 46 of the '342 Patent

23.     Claim 40 of the '342 Patent states:

> Video recording apparatus, comprising:
>
> > an input for receiving video program source material, such material being characterized in having a plurality of sequential frames representative of motion imagery;
> >
> > a video recorder in communication with the input for simultaneously recording information representative of the video program source material, including correlated edit-time-code information, onto first and second storage media, wherein the first storage medium is used to store the sequential frames in a randomly addressable manner, and the second storage media is used to store the sequential frames in a serially addressable manner, such that each frame stored on one medium is associated with a time code correlated to a corresponding frame stored on the other medium.

('342 Patent, Col. 12, line 12 - Col. 12, line 27).

24.     Claim 46 of the '342 Patent states:

> The apparatus of claim 40, further including means for receiving camera-control information.

('342 Patent, Col. 12, line 40 - 41).

25.     On information and belief, Defendant uses a video storage and display system and methods that infringe the '342 Patent.

26.     By reviewing publically available information, including the article attached hereto as Exhibit "A," Hawk learned that MSCAA infringed Claim 40 of the '342 Patent, at least in the Memphis-Shelby County Airport Authority location.

27.     Hawk has prepared a Claim Chart, attached hereto as Exhibit "C," which explains how each limitation reads onto the method claimed by Claim 40 of the '342 Patent, which claim was infringed by the MSCAA.

28.     All conditions precedent to bringing this action have occurred or been waived.

29.     Hawk has retained counsel to represent it in this matter and is obligated to pay its counsel a reasonable fee for its services.

30.     Pursuant to 35 U.S.C. § 285, Hawk is entitled to recover its attorneys' fees.

## COUNT I: DIRECT INFRINGEMENT OF THE '462 PATENT

31.     The allegations contained in paragraphs 1-30 above are hereby re-alleged as if fully set forth herein.

32.     The cause of action arises under the patent laws of the United States, and, in particular, 35 USC § 1 et seq.

33.     Plaintiff is the owner by assignment of the '462 Patent, with sole rights to enforce the '462 Patent and to sue infringers.

34.     A copy of the '462 Patent titled "Video Monitoring and Conferencing System" is attached as Exhibit "D."

35.     Without Hawk's authorization, Defendant uses a video storage and display system and/or methods that infringe one or more of the claims in the '462 Patent.

36.     Hawk has been damaged by Defendant's infringement.

37.     For the Avoidance of Doubt, Hawk only seeks damages which are not barred by the statute of limitaiton for infringement that occurred piror to the patent expiring on April 17, 2015.

WHEREFORE, Hawk Technology Systems, LLC respectfully requests the Court:

A.     Enter a judgment finding that Defendant has directly infringed the '462 Patent.

B.     Pursuant to 35 U.S.C. § 284, order Defendant. to pay damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention, together with interest and costs;

C.     Find this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and award reasonable attorneys' fees, costs, and expenses incurred by Hawk Technology Systems, LLC in prosecuting this action; and

D.     Award such other and further relief as the Court deems just and proper.

**COUNT II: DIRECT INFRINGEMENT OF THE '342 PATENT**

38.     The allegations contained in paragraphs 1-37 above are hereby re-alleged as if fully set forth herein.

39.     The cause of action arises under the patent laws of the United States, and, in particular, 35 USC § 1 *et seq*.

40.     Plaintiff is the owner by assignment of the '342 Patent, with sole rights to enforce the '342 Patent and to sue infringers.

41.     A copy of the '342 Patent titled "Dual Format Digital Video Production System" is attached as Exhibit "E."

42.     Upon information and belief, Defendant has infringed one or more claims of the '342 Patent, including at least Claim 40,  by making, using and/or offering for sale a system that performs the dual recording of video signals for security, covered by one or more claims of the '342 Patent, including, without limitation, Claim 40.

43.     For the Avoidance of Doubt, Hawk only seeks damages which are not barred by the statute of limitaiton for infringement that occurred piror to the patent expiring on March 1, 2015.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court to:

A.     Enter judgment for the Plaintiff on the Complaint on all causes of action affected herein;

B.     Award Plaintiff damages resulting from Defendant's infringement, in accordance with 35 USC § 284;

C.     Award Plaintiff reasonable attorneys' fees, costs, and expenses incurred by Plaintiff in prosecuting this action;  and

D.      Award Plaintiff such further relief to which the Court finds Plaintiff entitled

under the Law or equity.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED**, this the 14th day of November, 2019.

> s/Frank J. Dantone
> **FRANK J. DANTONE, BPR #28920**
> **HENDERSON DANTONE, P.A.**
> 241 Main St.
> P.O. Box 778
> Greenville, MS 38702
> Telephone No. (662) 378-3400
> Facsimile No. (662) 378-3413
> Email: fjd@hdpa.com
>
> Attorney for Plaintiff,
> Hawk Technology Systems, LLC,